UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF11 Master Participation Trust,<br><br>    Plaintiff,<br><br>v.<br><br>KAREN VINCENT,<br><br>    Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST, N.A., CALIBER HOME LOANS, INC., JOHN A. DOONAN, and RENEAU J. LONGORIA,<br><br>    Counterclaim Defendants. | Miscellaneous Proceeding<br>Case No. 21-00201 |

**ORDER ISSUED IN RESPONSE TO REFERRAL OF CLAIMS
AND JURISDICTION QUESTION BY THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MAINE**

On October 15, 2020, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust ("U.S. Bank"), commenced a foreclosure action against Karen Lisa Vincent in the United States District Court for the District of Maine (the "District Court"). That complaint has since been dismissed but nine counterclaims asserted by Ms. Vincent against U.S. Bank, Caliber Homes Loans, Inc., John A. Doonan, and Reneau J. Longoria survive. By order dated July 27, 2021, the District Court referred the first five causes of action alleging violations of the discharge injunction established under 11 U.S.C. § 542 to this Court for adjudication (the "Discharge Injunction Violation Claims"). With respect to the remaining four causes of action, alleging violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8) (the "FDCPA Claims") and 14 M.R.S. § 6113 (the "State Law Claims"), the District Court referred to this Court the question of whether the claims

fall within the limited scope of bankruptcy jurisdiction. For the following reasons, this Court determines it does not have jurisdiction to hear and determine the FDCPA Claims and State Law Claims.

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). Congress conferred upon district courts "original and exclusive jurisdiction over all cases arising under title 11" of the United States Code, 28 U.S.C. § 1334(a), and "original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The District Court generally referred bankruptcy jurisdiction to this Court pursuant to 28 U.S.C. § 157(a). D. Me. Local Rule 83.6(a).

"[C]ases under title 11", refers solely to bankruptcy cases commenced by the filing of a petition, and not to the various civil proceedings which may flow from such filings. Gupta v. Quincy Med. Ctr., 858 F.3d 657, 661-62 (1st Cir. 2017); Middlesex Power Equip. & Marine, Inc. v. Town of Tyngsborough, Mass. (In re Middlesex Power Equip. & Marine, Inc.), 292 F3d. 61, 66 (1st Cir. 2002). *See also,* 1 Collier on Bankruptcy ¶ 3.01 [2] (L. King et als. eds., 16th ed. 2021). Given that the FDCPA Claims and State Law Claims are not "cases under title 11", this Court does not have jurisdiction over those claims under 28 U.S.C. § 1334(a).

Three types of civil proceedings are encompassed by 28 U.S.C. § 1334(b); none of which extend this Court's jurisdiction to the FDCPA Claims and State Law Claims. Proceedings arise under title 11 "when the Bankruptcy Code itself creates the cause of action." Gupta, 858 F.3d at 662. *See also,* Stoe v. Flaherty, 436 F.3d 209, 217 (3d Cir. 2006); Wood v. Wood (In the Matter of Wood), 852 F.2d 90, 97 (5th Cir. 1987). Proceedings "arise in" cases under title 11 when they "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Wood, 825 F.2d at 97. *See also*, Gupta, 858 F.3d 662-63; Middlesex Power Equip. & Marine, Inc., 292 F.3d at 68.

2

The Discharge Injunction Violation Claims referred to this Court by the District Court "arise under" title 11 because they seek a determination as to the extent of the substantive rights created for the benefit of discharged debtors by 11 U.S.C. § 524.  In contrast, the FDCPA Claims and State Law Claims were neither created by the Bankruptcy Code nor are any provisions of bankruptcy law determinative of those claims.  Goldstein v. Marine Midland Bank, N.A. (In re Goldstein), 201 B.R. 1, 5 (Bankr. D. Me. 1996).  Further, the FDCPA Claims and State Law Claims do not "arise in" title 11 because "neither cause of action is based upon rights that cannot be pursued outside the bankruptcy context."  Id.

The last component of bankruptcy jurisdiction under 11 U.S.C. § 1334(b), "related to" cases under title 11", while expansive, is not limitless.

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the *outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy* . . . Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Goldstein, 201 B.R. at 4 (quoting, Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (overturned on other grounds)).  As the Goldstein court determined, FDCPA and state law tort claims do not fall within the related-to jurisdiction where they arise from actions taken after the filing of a chapter 7 petition because any resulting award does not constitute property of the estate.  Goldstein, 201 B.R. at 5 ("[t]he claims hold no potential to impact in any way the 'handling and administration of the bankruptcy estate'").

This approach is well-reasoned approach and has survived the test of time as is evidenced by several recent cases.  See McDowell v. Estate Info. Services, LLC (In re McDowell), 2021 WL 4190724, at *4 (Bankr. S.D.W.V. 2021) (finding no related-to jurisdiction in the context of a chapter 7 case where the claims arose pre-petition but the chapter 7 trustee did not object to the debtor's claim of exemption in them and, therefore, "[a]ny recovery [the debtor] might receive would not alter

3

her rights, liabilities, options, or freedom of action (either positively or negatively) and would not impact the handling and administration of the bankruptcy estate"); Williams v. CitiFinancial Servicing LLC (In re Williams), 612 B.R. 682, 607 (Bankr. M.D.N.C. 2020) ("[w]hile the Bankruptcy Code itself may not preclude Plaintiffs from bringing claims under the FDCPA based on attempts to collect post-discharged debts, '[t]he clear weight of authority is that bankruptcy courts do not have jurisdiction over such post-discharge claims because they do not arise under the Bankruptcy Code or 'in' the case and their determination can have no effect upon the bankruptcy estate'") (*quoting* Dotson v. United Recovery Grp. (In re Dotson), 2013 WL 5652732, at *4 (Bankr. W.D.Va. Oct. 16, 2013)); Magee v. Southern Financial Systems Inc. (In re Magee), 2019 WL 1503919, at *6 (Bankr. S.D. Miss. April 4, 2019) ("'[m]ost courts that have considered this issue have found that the bankruptcy court does not have subject matter jurisdiction over a chapter 7 debtor's post-petition claims for violation of the FDCPA'") (*quoting* Atwood v. GE Money Bank (In re Atwood), 452 B.R. 249, 255 (Bankr. D.N.M. 2011) (collecting cases)).  This Court agrees with this line of reasoning.

    In conclusion, this Court does not have jurisdiction over the FDCPA Claims and State Law Claims.  If Ms. Vincent desires to pursue the Discharge Injunction Violation Claims under 11 U.S.C. § 524 in this Court, she is directed to commence an adversary proceeding associated with her Chapter 7 Case.

    The Clerk of this Court is directed to forward a copy of this Order to the Clerk of District Court.

Dated:  November 10, 2021                                      /s/ Peter G. Cary
                                                                              Judge Peter G. Cary
                                                                              United States Bankruptcy Court